[No. 6185.]

## ECCE CRILL, ADMINISTRATOR OF THE ESTATE OF L. M. CRILL, DECEASED, v. JAMES DOYLE.

OWNERSHIP OF PERSONAL PROPERTY.—Upon a complaint by an administratrix alleging that certain property was owned by the decedent at the time of his death, and that the defendant thereafter wrongfully converted the same to his own use, the plaintiff is not entitled to a recovery without proof of such ownership.—[REPORTER.]

TITLE AS BETWEEN VENDOR AND VENDEE.—A bill of sale of property which recites the delivery of the property to the vendee, the property then being in the custody of a third person under a contract, transfers the title to the property, as between the vendor and vendee.—[REPORTER.]

APPEAL from the District Court of the Twenty-First Judicial District, Lassen County.

The action was brought to recover the sum of six hundred dollars, the alleged value of thirty head of cattle, which it was claimed belonged to Crill at the time of his death. The complaint contains an allegation that the estate is insolvent, and also that the plaintiff is the widow of deceased, and has two children by deceased, and that the property is required for their support. In all other respects it is framed in the ordinary form of an action of trover.

Upon the trial of the cause it was shown that Crill made a bill of sale to one L. P. Whiting, of the cattle in controversy, about a month prior to his death ; that the cattle were then in possession of defendant, and had been since the spring ; that defendant had kept them at Last Chance Valley, in Plumas County, until, a short time before the death of Crill, he was directed by Crill to take them down into defendant's field; Whiting testified that at the time Crill made the bill of sale he agreed to have the cattle driven down into defendant's field. But defendant was not informed by Crill that he had sold the cattle, nor did Whiting inform him till after Crill's death. At the date of the bill of sale Crill was indebted to Whiting in the sum of seven hundred dollars, and no credit was given or money paid. The Court found as a fact that Crill was the owner of the cattle at the time of his death, and rendered judgment for the plaintiff, whereupon the defendant appealed.

*John S. Chapman,* for Appellant.

*E. V. Spencer,* for Respondent.

By the COURT:

The bill of sale made by Crill, in his lifetime, to Whiting, recites that Crill had that day sold to Whiting all the right, title, interest, or claim of ˙Crill to the cattle, and that in consideration of six hundred dollars he˙ had on that day delivered the same to him. The cattle were then in the possession of the de-

fendant, under a contract for their pasturage, and they remained in his possession until they were delivered by him to Whiting, after the death of Crill. The sale by Crill transferred the title to the cattle to Whiting, and was valid as between them, although no money was actually paid, and no formal credit was given for the agreed price upon the debt due from Crill to Whiting. The finding, therefore, that Crill, at the time of his death, was the owner of the cattle, was not sustained by the evidence.

As the complaint counts on the ownership of the cattle by Crill at the time of his death, his administrator is not entitled to a recovery for their wrongful conversion after his death, without proof of such ownership. The plaintiff seems to rely upon sec. 1589 of the Code of Civil Procedure, which permits an executor or administrator, for the benefit of creditors, to recover property which the decedent in his lifetime has conveyed, with intent to defraud his creditors; but the complaint does not state a cause of action of that character.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.